THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KEN D. JOHNSON, Defendant-Appellant.

(No. 71-141; 

Third District—February 24, 1972.

Bruce Stratton, of Defender Project, of Ottawa, for appellant.

James DeWulf, State's Attorney, of Rock Island, (Stewart Meridian, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Defendant, Ken D. Johnson, was found guilty by a jury of the offense of theft of property of a value of less than $150. The Circuit Court of Rock Island County entered its judgment of conviction and sentenced defendant to a term of from one to five years in the penitentiary it being defendant's second conviction for theft.

The only assignment of error is defendant's claim that the maximum sentence is excessive and should be reduced to a term from one to three

years in the penitentiary. In addition to the two offenses for petty theft the defendant had also been found guilty of a deceptive practice offense, all three of the offenses occurring within a period of thirteen months. Consequently no claim is made that the one year minimum sentence is inappropriate.

The State recommended a sentence of from one to three years in the penitentiary but the trial court set the sentence described for the reason that the parole authorities were better able to determine when defendant should be released from custody. Defendant argues that as a matter of policy the maximum of an indeterminate sentence should be no greater than three times the minimum sentence in accord with the sentencing standards adopted by the American Bar Association. In our view reduction of the maximum sentence in this case is neither required nor authorized by Supreme Court Rule 615(b) (4), relating to appellate review of sentences. We believe that the sentencing standards proposed offer an excellent guide in our efforts to develop uniform sentencing procedures and would strongly recommend their consideration by trial courts. Nevertheless such standards have not officially been adopted by the courts of this State and even were they so adopted we believe that sentence imposed in this case might well be within the range proposed by such standards. Additionally we have some doubts of the advisability of merely imposing an indeterminate sentence in the exact range proposed by the statute since we believe the theory of indeterminate sentences at least as presently contemplated does not mean that the sentencing responsibility may be completely shifted to the parole authorities. To some extent the standards proposed by the American Bar Association were intended as a compromise between a rigid fixed term of imprisonment and the uncertainty incident to indeterminate sentences where the range between minimum and maximum was excessive.

For the foregoing reasons the judgment of the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

SCOTT and DIXON, JJ., concur.